Johnson J.
delivered the opinion of the Court.
I had thought that the opinion of the Court on the rule obtained in the case of Carson v. Richardson, 3 M’C. 328, would have superseded this action and put an end to this litigation, especially when aided by the additional fact that Mrs. Carson in pursuance of the contract with her attorney, has made an assignment of the judgment against William G. Richardson to the defendant, and without intending to add anything to what is said of the case there stated, I will briefly notice some of the arguments now raised.
The burthen of the present motion, is, that Mrs. Carson’s judgment against William G. Richardson, was extinguished pro tanto by the money advanced by the defendant; and as the balance was collected on execution, there was nothing left to assign. The fact of the agreement to assign is conclusively proven by the execution of it by Mrs. Carson in person. This argument is, I think, fully answered in the case before referred to, nor is it helped by the cases of Reed v. Pruyn & Staats, 7 Johns. 426, and Sherman v. Boyce, 15 Johns. 443. These cases arose out of contracts entered into by the defendant in the execution with the sheriff and the deputy, and they turn upon the inexpediency of permitting a sheriff to buy up executions, and a conclusive argument in support of them, is, that the defendant had nothing on the executions which he could assign, his liability to pay the amount was all. Here there was in effect an agreement to assign, and an execution of it in writing, which, under a late aet ^le legislature would have authorized the defendant to sue upon it in his own name.
Motion refused.